**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2310
_____

IN RE:  LAMAR MACON,
                                                     Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. 18-cv-03943)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 8, 2019
Before:  Chief Judge SMITH, AMBRO AND ROTH, Circuit Judges

(Opinion filed October 3, 2019)
_____

OPINION*
_____

PER CURIAM

    In June 2019, Lamar Macon filed this pro se mandamus petition requesting that

the District Court be compelled to rule on his motion to reopen in his postconviction

proceedings filed under 28 U.S.C. § 2255.  When Macon filed this mandamus petition,

his motion had been pending for over a year.  However, on September 10, 2019, the

District Court entered an opinion and order denying, without prejudice, Macon's motion

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

to reopen.  In light of the District Court's action, this mandamus petition no longer presents a live controversy.  Therefore, we will dismiss it as moot.  <u>See</u> <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").